FILED
U.S. DISTRICT COURT

2005 JUN 29 P 12: 31

DISTRICT OF UTAH

BY:_____
        DEPUTY CLERK

DAVID D. JEFFS, #1654
JEFFS & JEFFS, P.C.
Attorneys for
90 North 100 East
P.O. Box 888
Provo, Utah 84603
Telephone: (801) 373-8848
Facsimile: (801) 373-8878

---

## UNITED STATES DISTRICT COURT FOR DISTRICT OF UTAH
## CENTRAL DIVISION

also

## IN THE FOURTH JUDICIAL DISTRICT COURT OF UTAH COUNTY

## STATE OF UTAH

---

| | |
|---|---|
| KENNEDY FUNDING, INC., a New Jersey corporation, | **CORRECTED COMPLAINT** |
| Plaintiff, | |
| vs. | Federal Case No.: 2:05CV527 TC<br>Federal Judge:     Tena Cambell |
| TRI-CITY INVESTMENT, L.L.C., a Utah limited liability company and RANDALL F. MILLER, individually, | Utah County Case No.050401253<br>Utah County Judge: Fred D. Howard |
| Defendants. | |

---

COMES NOW the Plaintiff, Kennedy Funding, Inc., a New Jersey corporation (hereinafter "Plaintiff"), and complains of Defendants as follows:

1.      Plaintiff is the beneficiary of a certain trust deed executed by Tri-City Investment, L.L.C., a Utah limited liability company (hereafter "Tri-City Investment"), as trustor which was secured by real property located in Utah County, State of Utah.

2.      Tri-City Investment was the owner of certain real property located in Utah County, State of Utah.  Randall R. Miller (hereafter "Miller") is a resident of Salt Lake County, State of Utah and guarantor of the debt and obligation of Tri-City Investment..

3.      On or about April 22, 2002, the Defendant Tri-City Investment made, executed, and delivered to Plaintiff a promissory note (hereafter "Promissory Note") in the principal sum of $1,900,000.00.  A true and correct copy of the Promissory Note is attached hereto as Exhibit "A" and by this reference is made a part hereof.

4.      On or about April 22, 2002 as security for the Promissory Note, the Defendant, Tri-City Investment executed and delivered to Plaintiff a First Deed of Trust with Security Agreement, Financing Statements for Fixture Filing and Assignment of Rents (hereafter the "Trust Deed").  The Trust Deed was recorded on April 26, 2002 as entry number 47426:2002, in the official records of the Utah County Recorder's office.  A true and correct copy of the Trust Deed is attached hereto as Exhibit "B" and by this reference is made a portion hereof.

5.      The Trust Deed was secured by certain real property located in Utah County, State of Utah (hereafter the "Property").

6.      As further security for the Promissory Note and Trust Deed executed by Tri-City Investment, Defendant Miller executed and delivered to Plaintiff his Guaranty dated April 22, 2002 (hereafter "Guaranty") under which he guaranteed the obligations of Tri-City Investment under the Promissory Note and Trust Deed.

2

7.     The Defendant Tri-City Investment failed to make the required payments under the Promissory Note and by so doing breached its obligations to the Plaintiff under the Promissory Note and the Trust Deed.

8.     Because the Defendant, Tri-City Investment breached and defaulted in the performance of its obligations under the Promissory Note and the Trust Deed, Plaintiff declared the Promissory Note and the Trust Deed in default.

9.     The trustee under the Trust Deed caused the Property to be sold at a trustee's sale conducted in accordance with applicable Utah Law on January 19, 2005.

10.     The applicable statutory provisions of the state of Utah and the provisions of the Trust Deed were complied with as to acts to be performed and notices to be given with respect to sale of the Property.

11.     At the time and place of the trustee's sale, the successor trustee sold the Property at a public auction to Plaintiff who was the high bidder and who bid the sum of $1,000.00 as a credit bid.

12.     *Plaintiff subsequently assigned its rights to the Property to Lehi Properties, L.L.C.,* a New Jersey limited liability company and a trustee's deed conveying the Property to Lehi Properties, L.L.C. was executed on or about February 15, 2005 and recorded as entry number 15896:2005 in the official records of the Utah County Recorder's Office, State of Utah.

13.     Plaintiff has determined that the fair market value of the Property as of the date of sale was $1,700,000.00.

14.     At the time of the trustee's sale of the property the following amounts were owed on the Promissory Note:

| | |
|---|---|
| Unpaid principal | $1,900,000.00 |
| Accrued Interest | 569,624.93 |
| Total | $ 2,469,624.93 |

3

In addition attorney's fees and costs were owed to Plaintiff.

15.     The amount bid for the Property was not sufficient to satisfy the total unpaid amount under the Promissory Note.

16.     After crediting the greater of the amount bid at the sale or the fair market value of the property on the date of sale, against the unpaid late payment penalties, accrued interest, and principal balance of the Promissory Note as required by the terms thereof, the remaining amount owed by Defendants is the sum of $769,624.93.

17.     The Defendants owe Plaintiff the sum of $769,624.93 as a deficiency under the Promissory Note and as Defendant Miller's obligation under the Guarantee, which deficiency amount is unpaid and is presently due and owing in full.

18.     The unpaid balance of the Promissory Note continues to accrue interest as provided in the Promissory Note at the default rate of 25% per annum.

19.     The Defendants agreed under the terms of the Promissory Note, the Trust Deed and the Guaranty to pay all costs, fees and expenses, including attorneys fees, incurred by Plaintiff in connection with enforcing its rights and/or collecting the sums owing under the Promissory Note, Trust Deed and Guaranty.

20.     Plaintiff has employed the attorneys herein on their behalf in this matter to enforce their rights and collect the sums owing to Plaintiff under the terms of the Promissory Note, Trust Deed and Guaranty.

WHEREFORE, the Plaintiff prays for judgment against the Defendants as follows:

1.     For the sum of $769,624.93 together with interest accrued and accruing on such amount at the default rate of twenty-five percent (25%) per annum from the date of the trustees sale until the entire unpaid balance is paid in full;

2.     For all costs and attorneys fees;

4

3.      That the judgment shall bear interest at the default rate both before and after judgment at 25%; and

4.      For such other and further relief as the court deems just and equitable in the premises.

DATED and SIGNED this _27_ day of June, 2005.

                        JEFFS & JEFFS, P.C.


                        David D. Jeffs

5